UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION

Case No. 22-81731-CV-MIDDLEBROOKS/MATTHEWMAN

DEVIN FILIPPELLI, as Personal Representative of the ESTATE OF KRYSTAL TALAVERA, on behalf of the Estate and her Survivors,

    Plaintiff,

vs.

GROW, LLC (d/b/a KD NCORPORATED and THE KRATOM DISTRO); and SEAN MICHAEL HARDER, individually.

    Defendants.

## DEFENDANT SEAN MICHAEL HARDER'S ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, **SEAN MICHAEL HARDER** (hereinafter "HARDER"), hereby files his Answer, Affirmative Defenses, and Demand for Jury Trial to Plaintiff's Amended Complaint [Doc. 5] and states as follows:

### I. INTRODUCTION

HARDER denies all allegations in this unnumbered paragraph.

### II. STATEMENT OF PARTIES

1. Without knowledge and thus denied.
2. Without knowledge and thus denied.
3. Without knowledge and thus denied.
4. Without knowledge and thus denied.
5. Without knowledge and thus denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

### III.   JURISDICTION AND VENUE

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

### IV.   STATEMENT OF FACTS

**A.   Kratom is a deadly drug that is being marketed as a safe dietary supplement in the United States.**

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

B. **Krystal Talavera suffered a preventable and untimely death caused by Kratom.**

30. Denied.

31. Without knowledge thus denied.

32. Without knowledge thus denied.

33. Without knowledge thus denied.

34. Without knowledge thus denied.

35. Without knowledge thus denied.

36. Denied.

37. Denied.

38. Without knowledge thus denied.

39. Without knowledge thus denied.

40. Without knowledge thus denied.

41. Without knowledge thus denied.

42. Without knowledge thus denied.

43. Without knowledge thus denied.

44. Without knowledge thus denied.

45. Without knowledge thus denied.

46. Without knowledge thus denied.

## V. DAMAGES AND CAUSES OF ACTION

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

### COUNT ONE – GROW, LLC AND SEAN MICHAEL HARDER (STRICT LIABILITY FAILURE TO WARN PURSUANT TO THE RESTATEMENT SECOND OF TORTS § 402A)

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

4

**COUNT TWO – GROW, LLC AND SEAN MICHAEL HARDER**
**(STRICT LIABILITY DESIGN AND MANUFACTURING DEFECT**
**PURSUANT TO THE RESTATEMENT SECOND OF TORTS § 402A)**

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

**COUNT THREE – GROW, LLC AND SEAN MICHAEL HARDER**
**(BREACH OF WARRANTY PURSUANT TO FLA. STATE. §§ 672.313;**
**672.314; & 672.315.)**

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

**COUNT FOUR – GROW, LLC AND SEAN MICHAEL HARDER**
**(FRAUDULENT MISREPRESENTATION)**

84. Denied.

85. Denied.

86. Denied, including all subparts.

87. Denied, including all subparts.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

### COUNT FIVE – GROW, LLC AND SEAN MICHAEL HARDER
### (NEGLIGENCE)

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied, including all subparts.

99. Denied.

### COUNT SIX – GROW, LLC AND SEAN MICHAEL HARDER
### (NEGLIGENCE PER SE PURSUANT TO VIOLATIONS OF THE FOOD, DRUG, AND COSMETICS ACT AND DIETARY SUPPLEMENT HEALTH AND EDUCATION ACT)

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied, including all subparts.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

**CLAIMS FOR DAMAGES COMMON TO ALL COUNTS**
**CLAIM OF PERSONAL REPRESENTATIVE ON BEHALF OF THE ESTATE AND SURVIVORS**

115. Denied.

**CLAIM OF PERSONAL REPRESENTATIVE ON BEHALF OF THE ESTATE OF KRYSTAL TALAVERA**

116. Denied, including all subparts.

**CLAIM OF PERSONAL REPRESENTATIVE ON BEHALF OF SURVIVING CHILDREN**

117. Denied, including all subparts.

VI. **PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL**

Defendant denies all allegations in this unnumbered paragraph.

**GENERAL DENIAL**

HARDER denies all allegations in the operative complaint not expressly admitted herein

**AFFIRMATIVE DEFENSES**

1. For a defense herein, HARDER contends that decedent, by her actions, caused or contributed to the loss alleged and hence the Plaintiff may not recover or, alternatively, Plaintiff may not recover fully. Accordingly, any award in favor of Plaintiff is barred or must be reduced in accordance with the law of comparative fault.

2. For a defense herein, HARDER contends that the negligence of another, not of this Defendant, caused or contributed to the loss alleged; and that such negligence of another was the sole proximate cause, superseding or independent intervening cause of the loss alleged.

3. For a defense herein, HARDER contends that joint and several liability has been abolished in Florida as of April 26, 2006, and HARDER affirmatively pleads all rights available to it under the applicable law set forth in the Tort Act.

4. For a defense herein, HARDER contends that this accident gives rise to an apportionment of damages, if any, in relation to the degree of fault of the parties, persons, or employers, pursuant to the Florida Supreme Court decision of Fabré v. Marin, 623 So. 2d 1182 (Fla. 1993). In compliance with Nash v. Wells Fargo Guard Services, Inc., 678 So. 2d 1262 (Fla. 1996), HARDER identifies the following persons or entities as non-party tortfeasors in this case: (1) any person/entities that manufactured, imported, or distributed any substance that caused or contributed to loss; (2) any person/entity that provided instructed, advised, or communicated to decedent how to use any substance that caused or contributed to the loss; (3) other currently unidentified parties, persons, firms, or corporations over whom HARDER had no control or duty to control, and for whose actions HARDER cannot be held responsible or legally liable. HARDER reserves the right to amend this affirmative defense to identify any additional individuals or entities responsible, in whole or in part, for the Plaintiffs' damages as they are revealed through investigation and discovery in this case.

5. For a defense herein, HARDER contends that the loss alleged resulted from the abuse, misuse, or alteration of the product identified in the operative Complaint and/or that it was not in substantially the same condition as when it left the custody and control of the manufacturer. Hence, the Plaintiff may not recover.

6. For a defense herein, HARDER contends that the product identified in the operative complaint was manufactured in a reasonably safe manner in full compliance with all applicable laws, statutes, and regulations and, hence, Plaintiffs may not recover.

7. For a defense herein, HARDER contends that the product in question was not unreasonably dangerous, defective, or unsafe, since the product was designed and manufactured in accordance with the technical knowledge and published scientific literature available at the time of design and manufacture.

8. For a defense herein, HARDER contends that Florida does not recognize a post-sale duty to warn, and hence any post-sale duty to warn claim is not actionable under Florida law.

9. For a defense herein, HARDER contends that it is entitled to a setoff for all settlements and compensation that Plaintiffs have received, or may receive, as a result of the accident which is alleged to have occurred.

10. For a defense herein, HARDER contends that Plaintiff is barred from recovering all damages or medical expenses paid or payable from collateral sources.

11. For a defense herein, HARDER contends that Plaintiff failed to mitigate the damages and, hence, Plaintiff may not recover or, alternatively, may not fully recover their alleged damages.

12. For a defense herein, HARDER contends that the subject product complied with all relevant federal and state statutes or regulations in effect at the time the product was delivered

and, therefore, pursuant to Florida Statute §768.1256, there is a rebuttable presumption that the product in question was not defective.

13. For a defense herein, HARDER pleads and asserts the state-of-the-art defense pursuant to Florida Statute §768.1257.

14. For a defense herein, HARDER contends that the operative Complaint fails to state claims for which relief can be granted under Florida law.

15. For a defense herein, HARDER contends that the subject product has a reasonably safe design as measured by the Risk Utility Analysis.

16. For a defense herein, HARDER contends that it has been prejudiced in its defense to the extent that evidence relevant to this case may have been destroyed or altered by others.

17. For a defense herein, HARDER contends that the subject action is barred by the applicable statute of repose, statute of limitation, doctrine of estoppel and laches, and any other applicable limitation based on the age of the product, the date of the accident, and the date the subject suit was filed.

18. HARDER reserves the right to seek leave to amend its Answer and Affirmative Defenses as its investigation and discovery in this case proceeds.

**DEMAND FOR JURY TRIAL**

Defendant, **HARDER**, demands trial by jury of all issues triable as a matter of right.

|  |  |
|---|---|
|  | /s/ *Justin D. Niznik* |
|  | **JUSTIN D. NIZNIK** |
|  | Florida Bar No. 774901 |
|  | **BOWMAN AND BROOKE LLP** |
| Designated email addresses: | 1064 Greenwood Boulevard - Suite 212 |
|  | Lake Mary, Florida 32746-5419 |
|  | (407) 585-7600 |
|  | (407) 585-7610 – Fax |
| justin.niznik@bowmanandbrooke.com | ***Attorneys for Defendants*** |
| kara.thomas@bowmanandbrooke.com | **GROW, LLC and** |
| orfa.diaz@bowmanandbrooke.com | **SEAN MICHAEL HARDER** |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 27, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, system, which generates a notice of the filing to all attorneys of record.

/s/ *Justin D. Niznik*
**JUSTIN D. NIZNIK**
Florida Bar No. 774901