UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION

DEVIN FILIPPELLI, as Personal
Representative of the ESTATE OF
KRYSTAL TALAVERA, on behalf
of the Estate and her Survivors,

                Plaintiff,                Case No. 9:22-cv-81731-DMM

v.

GROW, LLC (d/b/a KD INCORPORATED
and THE KRATOM DISTRO); and SEAN
MICHAEL HARDER, individually,

                Defendants.
_____/

## JOINT DISCOVERY PLAN

On December 22, 2022, Plaintiff, DEVIN FILIPPELLI, as Personal Representative of the ESTATE OF KRYSTAL TALAVERA, on behalf of the Estate and her Survivors, (hereinafter "Plaintiff") and Defendants, GROW, LLC (d/b/a KD INCORPORATED and THE KRATOM DISTRO); and SEAN MICHAEL HARDER, individually (hereinafter "Defendants"), held a telephone conference in accordance with Federal Rule of Civil Procedure 26(f) and the Court's December 16, 2022 Pretrial Scheduling Order and Order Referring Case to Mediation. During the telephone conference, the parties discussed matters required by Federal Rule of Civil Procedure 26(f) and the Court's December 16, 2022 Order. The parties now submit this Joint Discovery Plan.

Defendants consent to disposition of this case by a U.S. Magistrate Judge. Plaintiff does not consent to disposition of this case by a U.S. Magistrate Judge.

**(1)    An estimated valuation of the case from the perspective of Plaintiff and Defendants.**

Plaintiff

Plaintiff contends that the estimated value of this case is twenty (20) million dollars. Continuing investigation and discovery may cause Plaintiff to amend the estimated value; therefore, Plaintiff reserves the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.

Defendants

Unknown to Defendants as Defendants have not had the opportunity to determine and evaluate the categories of damages which may be available to Plaintiff pursuant to Fla. Stat. § 768.21.

**(2)    The date for exchanging initial disclosures pursuant to Rule 26(a)(1).**

Plaintiff

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), Plaintiff agrees to make initial disclosures to Defendants within fourteen (14) days after the Rule 26(f) conference, which is January 5, 2023.

<u>Defendants</u>

Defendants requested initial disclosures by February 1, 2022, primarily because Defendant Mr. Harder needs additional time to retain criminal defense counsel prior to making any disclosures which would violate his 5th Amendment rights. As indicated above, Defendants consent to disposition of this case by a U.S. Magistrate Judge.

**(3)    The subjects on which discovery may be needed.**

In accordance with Federal Rule of Civil Procedure 26(f)(3)(B), the parties agree that discovery may be needed on the following subjects:

a.    The allegations and claims contained within Plaintiff's Complaint.

b.    Friends and family of Krystal Talavera.

c.    Medical examiner of Krystal Talavera.

d.    Medical experts.

e.    Law enforcement officers who investigated the death of Krystal Talavera.

f.    The denials and defenses raised in Defendant's Answer.

g.    Parties within the chain of distribution.

h.    Employees and co-workers of Defendant Sean Michael Harder.

i.    Affiliates of the American Kratom Association (AKA) or similar advocacy organizations.

Continuing investigation and discovery may cause the parties to supplement/amend the subjects on which discovery may be needed. Therefore, the parties reserve the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.

**(4)    Whether the parties can agree to limit discovery on particular issues through stipulation.**

Discovery will not be limited to or focused on particular issues through stipulation.

**(5)    What document discovery is needed.**

The parties agree that discovery is needed on the following documents:

a.    All documents that support the claims and allegations mentioned in Plaintiff's Compliant.

b.    Toxicology and autopsy report of Krystal Talavera.

c.    Investigative reports concerning the death of Krystal Talavera.

d.    Medical records of Krystal Talavera.

e.    Death certificate of Krystal Talavera.

f.    All documents that support the denial and affirmative defenses mentioned in Defendant's filed Answer.

Plaintiff furthers states that discovery is needed on the following documents, to which Defendants do not agree:

    a.    Documents identifying Defendants as consignees and/or importer of record of Kratom and Kratom products from 2016 to present.

    b.    Defendants' marketing materials regarding Kratom.

The parties intend to gather the necessary documents/discovery in the form of interrogatories, requests for production, and requests for admissions as authorized by the Federal Rules of Civil Procedure.

Continuing investigation and discovery may cause the parties to supplement/amend the subjects on which document discovery is needed. Therefore, the parties reserve the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.

**(6)    Whether discovery should be conducted in phases.**

The parties will not conduct discovery in phases.

**(7)    Whether the parties expect to have disclosure, discovery, or preservation of electronically stored information, and if so, explain: (a) the main information and documents sought; (b) the expected costs of e-discovery; and (c) whether alternatives to e-discovery are possible.**

In accordance with Federal Rule 26(f)(3)(C), the parties have discussed electronically stored information. As guiding principles, the parties agree to meet and confer in good faith concerning issues that arise with respect to the disclosure or discovery of electronically stored information, and to use their best efforts to produce electronically stored information in the format preferred by the requesting party, including reasonable requests for production of such information with metadata intact.

The parties expect to have disclosure, discovery, and/or preservation of electronically stored information. The main information and documents sought is the Kratom transaction history between Defendants and Krystal Talavera from 2016 through present and upstream Kratom suppliers. Currently, the expected costs of e-discovery are unknown and no other alternative to e-discovery is possible.

Continuing investigation and discovery may cause the parties to supplement/amend this response. Therefore, the parties reserve the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.

**(8)   What individuals each side intends to depose.**

<u>Plaintiff</u>

Plaintiff intends to depose Defendant Sean Michael Harder, individually, and as corporate representative of Grow LLC; employees of Grow LLC; Defendants' experts; and all individuals/entities listed on Defendants' witness list.

Continuing investigation and discovery may cause Plaintiff to supplement/amend this response. Therefore, Plaintiff reserves the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.

Defendants

Defendants intend to depose individuals relevant to liability, causation, and damages to be determined through written discovery.

**(9)     Any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production, whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502.**

Plaintiff

None. Continuing investigation and discovery may cause Plaintiff to supplement/amend this response. Therefore, Plaintiff reserves the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.

Defendants

Defendant Mr. Harder needs additional time to retain criminal defense counsel prior to making any disclosures which would violate his 5th Amendment rights.

**(10)    What changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.**

The parties do not anticipate any changes to the rules on discovery limitations and adopt the default limitations on discovery imposed by the Federal Rule of Civil Procedure, local rules, and applicable case law.

**(11)    Whether early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful.**

The parties do not believe early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful.

Dated: December 29, 2022

_/s/ Michael J. Cowgill_

Michael J. Cowgill, Esq.
Florida Bar No. 1010945
Tamara Williams, Esq.
Florida Bar No. 127625
**MCTLAW**
1605 Main St., Ste. 710
Sarasota, FL 34236
mcowgill@mctlaw.com
twilliams@mctlaw.com
hdiener@mctlaw.com
Phone: 888-952-5242
Fax: 941-952-5042

_Attorneys for Plaintiff_

Dated: December 29, 2022

_/s/ Justin D. Niznik_

Justin D. Niznik, Esq.
Florida Bar No. 774901
**BOWMAN AND BROOKE LLP**
1064 Greenwood Blvd., Ste. 212
Lake Mary, FL 32746-5419
Phone: (407) 585-7600
Fax: (407) 585-7610
justin.niznik@bowmanandbrooke.com
kara.thomas@bowmanandbrooke.com
orfa.diaz@bowmanandbrooke.com

_Attorneys for Defendants_

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on December 29, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, system, which generates a notice of the filing to all attorneys of record.

*/s/Michael J. Cowgill*
_____

**Michael J. Cowgill**
Florida Bar No. 1010945
