UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION

| | |
|---|---|
| DEVIN FILIPPELLI, as Personal Representative of the ESTATE OF KRYSTAL TALAVERA, on behalf of the Estate and her Survivors,<br><br>    Plaintiff,<br><br>v.<br><br>GROW, LLC (d/b/a KD INCORPORATED and THE KRATOM DISTRO); and SEAN MICHAEL HARDER, individually<br><br>    Defendants. | Civil Action No. 9:22-cv-81731<br><br>**DEFENDANTS' GROW, LLC (d/b/a KD INCORPORATED and THE KRATOM DISTRO) and SEAN MICHAEL HARDER'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE INITIAL DISCLOSURES PURSUANT TO RULE 26** |

Defendants, GROW, LLC (hereinafter "Grow") and SEAN MICHAEL HARDER (hereinafter "Harder") (collectively referred to as "Defendants") provide the following response to the Motion to Compel Defendants to Produce Initial Disclosures Pursuant to Rule 26 ("Motion to Compel") [DE 23] filed herein by Plaintiff, DEVIN FILIPPELLI as Personal Representative of the ESTATE OF KRYSTAL TALAVERA on behalf of the Estate and her Survivors ("Plaintiff"), on January 20, 2023, and state as follow:

**RESPONSE ARGUMENT**

**I.   DEFENDANT GROW CANNOT BE COMPELLED TO PRODUCE INFORMATION IT DOES NOT POSSESS AND WHICH IS NOT WITHIN ITS CUSTODY AND CONTROL**

The first issue identified in Plaintiff's Motion to Compel, as framed by the Plaintiff, is whether Grow is "exempt from producing initial disclosures…" Motion to Compel at pp. 3-7. However, Plaintiff's framing of the issue is misleading. The real issue is whether Grow can be

compelled to provide documents and responsive information it does not possess. Grow did not take the position it is exempt from initial disclosures. *See* Defendants' Amended Initial Disclosures [DE 20]. Grow provided initial disclosures and the information it currently has in its possession, custody or control which relate to the allegations asserted in Plaintiff's Amended Complaint.

Notwithstanding Plaintiff's skepticism regarding Grow's position in this regard, a Court simply cannot compel a party to produce documents that it claims it does not have. *See e.g., Aatrix Software, Inc. v. Green Shades Software, Inc.*, 3:15-CV-164-J-20MCR, 2019 WL 11648461, at *6 (M.D. Fla. Nov. 19, 2019) ("[T]he Court cannot compel Plaintiff to produce documents that it claims it does not have."); *Thermoset Corp. v. Building Materials Corp. of America*, No. 4-60268-CIV, 2014 WL 6473232, at *4 (S.D. Fla. Nov. 18, 2014) ("The Court agrees that it cannot compel a party to provide information or produce documents that it does not have in its possession, custody, or control.") (citations omitted); *Calhoun v. Volusia Cnty.*, No. 6:04-cv-106-Orl-31DAB, 2007 WL 1796259, at *1 (M.D. Fla. June 20, 2007) ("[T]he Court cannot compel production of documents that do not exist.").

Here, Grow was formed ***after*** Ms. Talavera's death to operate a brick-and-mortar retail store in a mall in Idaho, and was not in the business of selling, distributing, or marketing Kratom products. Indeed, Plaintiff's own exhibit shows that Grow was in the business of "Retail Sales of Plants and Pottery" at the Towne Square Mall in Boise, Idaho. *See* Motion to Compel at Exh. H [DE 23]. This is entirely consistent with Grow's Answer in this case wherein it denied the allegations in the Complaint asserting Grow had any connection to this lawsuit or the distribution of Kratom products. [*See* DE 16 at p. 2].

It is especially telling that Plaintiff cites primarily to its own Complaint for the proposition that other entities were the fictious name of Grow. Plaintiff has produced no document showing "GROW, LLC" communicated with or sent Ms. Talavera anything. Nor has Plaintiff produced anything showing that "KD Incorporated" or "Kratom Distro" were registered fictious names of Grow. Grow simply has no additional information to disclose because it was a **separate and distinct** business formed **after** Ms. Talavera's death. This is also why Grow disclosed that it has no insurance to cover it for this loss because it was not in business or operating at the time of her death. Plaintiff's reliance on the fact that certain phone numbers and addresses relating to these businesses are the same or similar is also misplaced. It is not illegal for someone to operate more than one business. The fact that Harder became involved in operating a retail pottery business in a mall in Idaho at some point **after** Ms. Talavera died does not give rise to a duty for Grow to provide non-existent documents or information that are not in the possession, custody or control of Grow.

Accordingly, Plaintiff's Motion to Compel as it relates to Grow should be denied. *See e.g.*, *Collier HMA Physician Management, LLC & Naples HMA, LLC, v. NCH Helathcare System, Inc., Naples Community Hospital, Inc. & NCHMD, Inc.*, 218CV408FTM38MRM, 2020 WL 13614464, at *7 (M.D. Fla. Aug. 13, 2020) ("It is axiomatic that a party cannot be made to produce documents that do not exist. To the extent Defendants' motion seeks to compel the production of documents that Plaintiffs unequivocally state do notexist, the motion must be denied.)

## II. DEFENDANT HARDER CANNOT BE COMPELLED TO PROVIDE INFORMATION THAT COULD VIOLATE HIS FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION

The second issue Plaintiff raises is that Harder should not be allowed to assert his Fifth Amendment privilege against self-incrimination. Motion to Compel at pp. 7-14. The Fifth Amendment of the United States Constitution provides that a person shall not be compelled to witness against himself. U.S. Const. amend. V, cl. 2. This right against self-incrimination "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be used." *Kastigar v. United States*, 406 U.S. 441, 444-45, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1980).

Plaintiff erroneously contends that Harder asserts a blanket privilege against self-incrimination. He did not. For example, Harder disclosed, pursuant to Rule 26(a)(1)(D), that he has not located any insurance that would provide a defense or indemnification for this claim. *See* Defendants' Amended Initial Disclosures [DE 20] at p. 6. It is true that Harder has asserted a Fifth Amendment privilege to disclosing *some* of the names of persons that may have discoverable information and the location of relevant documents because he has reasonable cause to fear danger of criminal prosecution if he is forced to disclose his alleged knowledge or involvement of persons and/or documents related to the sale, distribution and/or marketing of Kratom. *See In re Folding Carton Antitrust Litigation*, 609 F.2d 867, 871 (7th Cir. 1979) ("When a witness can demonstrate any possibility of prosecution that is more than fanciful he has demonstrated a reasonable fear of prosecution sufficient to meet constitutional muster.").

Although Plaintiff claims Harder's fears against self-incrimination are unfounded, one of Plaintiff's allegations in the instant lawsuit is that Harder violated federal laws that carry

4

criminal penalties, *i.e.*, namely the Federal Food, Drug, and Cosmetic Act ("FDCA") and the Dietary Supplement Health and Education Act (DSHEA). *See* Amended Complaint [DE 5] at Count IV. Violation of these Federal Laws carry potential criminal penalties. For example, in 2019 an individual was sentenced to two years in prison related to Kratom sales after pleading guilty to one count of introducing misbranded drugs into interstate commerce and one count of importing Kratom.[1] Moreover, in this particular case, the fact that a death was involved may give rise to prosecution by the State of Florida relating to the circumstances leading up to Ms. Talavera's death. Therefore, Harder has reasonable cause to fear he may face a subsequent criminal prosecution and that the information or statements produced in this case could be used against him in that criminal proceeding.

      Plaintiff also argues that Harder cannot assert his Fifth Amendment privilege because certain facts have allegedly already been revealed by Harder in other social media circles. While a witness can waive their Fifth Amendment right by testifying voluntarily about a subject, waiver of the privilege is not something that should be lightly inferred. *See Michell v. United States*, 526 U.S. 314, 321-22 (1999). In fact, courts must indulge "every reasonable presumption" against waiver of fundamental constitutional rights. *Walton v. Briley*, 361 F.3d 431, 433 (7th Cir. 2004) (citations and internal quotations omitted).

      The caselaw Plaintiff relies upon for this proposition are easily distinguishable. In *Rogers*, the witness already disclosed in her testimony to a grand jury that she was the Treasurer of the Denver Communist Party so the Court found that disclosure of acquaintances to her successor did not present a reasonable threat of criminal prosecution. *Rogers v. United States*, 340 U.S. 367, 375 (1951). Indeed, *Rogers*' holding is contrary to Plaintiff's argument:

---

[1] Michigan Man Sentenced for Unlawfully Importing and Distributing Misbranded Drugs | OPA | Department of Justice

> Requiring full disclosure of details after a witness freely testifies as to a criminating fact does not rest upon a further 'waiver' of the privilege against self-incrimination...As to each question to which a claim of privilege is directed, the court must determine whether the answer to that particular question would subject the witness to a 'real danger' of further crimination.

*Id.* at 374. In *Foster v. People*, a prosecution witness and accomplice of the criminal defendant testified at trial and answered all the questions from the prosecutor, but then asserted the Fifth Amendment and refused to answer cross examination questions from the accused's counsel. 18 Mich. 266 (1869). The Supreme Court of Michigan held that allowing the accomplice to assert the Fifth Amendment would lead to an absurd and unreasonable consequence and should not be allowed. *Id.* at 273. Here, Harder has done no such thing. Indeed, he asserted his privilege against self-incrimination in his ***initial*** disclosures. Plaintiff also erroneously asserts that because Harder presumably made certain comments on online platforms – which Plaintiff **speculates** were written by Harder – that this somehow constitutes a waiver of Harder's Fifth Amendment privilege. This argument simply flies in the face of dozens of years of Fifth Amendment jurisprudence. For example, that would be akin to arguing that because a suspect's voice is presumably caught on a wire-tap, then the suspect could be compelled to authenticate the recording. That is simply not what the law dictates. *See e.g.*, *Bellis v. U. S.,* 417 U.S. 85, 88, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974) (noting that "[t]he constitutional privilege against self-incrimination … is designed to prevent the use of legal process to force from the lips of the accused individual the evidence necessary to convict him or to force him to produce and authenticate any personal documents or effects that might incriminate him.")

Likewise, in *Guede v. Windsor Capital Mortg. Corp*, the Third DCA declined to allow the Fifth Amendment privilege to be asserted because the documents at issue were transmitted to other parties *in the same lawsuit* and, in some cases, to third parties. 18 So. 3d 1257 (Fla. 3d

6

DCA 2009). Here, Harder has not disclosed any documents or information in this lawsuit or any others. Indeed, there is **no proof** that Harder was the individual on the other end of the computer typing these online posts. Even if they were, Plaintiff cannot force Harder to waive his Fifth Amendment right against self-incrimination and compel him in his initial disclosures to admit that he is the one who authored those online posts. Simply put, Harder cannot be compelled to authenticate online posts that implicate the author in the marketing, sale and/or distribution of Kratom as he has a reasonable belief that it could lead to criminal prosecution.

Lastly, Plaintiff contends that by filing an Answer with standard affirmative defenses, Harder is somehow precluded from asserting his Fifth Amendment privilege. Motion to Compel [DE 23] at p. 11-12. Yet, Plaintiff completely ignores Florida caselaw that holds asserting affirmative defenses by a civil defendant does not give rise to precluding that defendant from asserting the Fifth Amendment. *DeLisi v. Bankers Ins. Co.*, 436 So. 2d 1099, 1100 (Fla. 4th DCA 1983) (noting that an assertion of affirmative defenses does not constitute a voluntary application for affirmative relief so as to permit utilization of the "sworn and shield" doctrine). Notably, the very case Plaintiff relies upon, *i.e.*, *Branaccio v. Mediplex Management of Port St. Lucie, Inc.*, 711 So. 2d 1206 (Fla. 4th DCA 1998), references the *DeLisi* case. It is troubling, however, that Plaintiff fails to point out this potentially dispositive authority against Plaintiff's contention that exists in the very case Plaintiff relies upon. "The ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist is as unprofessional as it is pointless." *Hill v. Norfolk & W. Ry. Co.*, 814 F.2d 1192, 1198 (7th Cir. 1987)

The so-called "sword and shield" doctrine typically applies when a civil plaintiff brings a lawsuit and then in that suit invokes the Fifth Amendment to evade responding to discovery propounded on them by the very party they've chosen to sue. *Branaccio*, 711 So. 2d at 1206. In

*Branaccio*, a criminal defendant accused of murder brought a civil action against a mental institution for allegedly giving him the drugs that caused him to become involuntarily intoxicated – his defense in the criminal case. *Id.* In the civil law suit the criminal defendant/civil plaintiff asserted the Fifth Amendment blocking the discovery sought by the mental institution. *Id.* The *Branaccio* court analyzed the issue of sanctions being imposed on the plaintiff for invoking the Fifth Amendment in the civil action he brought. *Id.* Importantly, it distinguished circumstances where a plaintiff brings a lawsuit and then asserts the Fifth Amendment from situations, such as the case at bar, where a civil defendant asserts the Fifth Amendment:

> In the case at bar, petitioner's assertion of affirmative defenses does not constitute a voluntary application for affirmative relief so as to permit utilization of the "sword and shield" doctrine. Thus, the trial court erred in resolving the case on this basis.

*Id.* at 1209 (*citing DeLisi*, 436 So. 2d at 1100). Therefore, Plaintiff's reliance on *Branaccio* is completely misplaced. It is also telling that the only other case Plaintiff cites to on this issue is a two sentence opinion which merely states that Florida state trial courts have broad discretion to stay proceedings, *i.e.*, *Air Comport Mechanical, Inc. v. Simmons*, 252 So. 2d 285 (Fla. 2d DCA 1971). *Air Comport Mechanical* has no bearing on this issue.

Here, Harder has not sought affirmative relief as defined by the "sword and shield" doctrine. He has merely asserted defenses that are standard defenses in product liability and tort actions that are typically asserted to avoid the argument that the defense has been waived since it was not raised in a pleading. For example, if the cause of Ms. Talavera's death was something else other than the voluntary ingestion of Kratom, such that it would give rise to an intervening or superseding cause defense, then Harder is entitled to that defense regardless of whether he asserts the Fifth Amendment. There is no case or legal theory that Defendant is aware of that stands for the proposition that Harder has waived his right to assert affirmative defenses or

present evidence of another cause of death simply because he has asserted his Fifth Amendment privilege against self-incrimination – or vice versa.

At the end of the day, Plaintiff is attempting to greatly expand the scope and import of Federal Rule of Civil Procedure 26. Rule 26 does not trump the Fifth Amendment to the Constitution. Rule 26 disclosures are the start of the discovery process and do not give rise to a party seeking to compel the disclosures of each and every document or piece of evidence the Plaintiff thinks it is entitled to. Plaintiff has a remedy. He can serve targeted discovery and request depositions. But he should not be permitted to compel Harder to amend his initial disclosures in violation of his Fifth Amendment right against self-incrimination.

Dated: February 3, 2023.

|  |  |
|---|---|
| Designated email addresses:<br><br>justin.niznik@bowmanandbrooke.com<br>kara.thomas@bowmanandbrooke.com<br>orfa.diaz@bowmanandbrooke.com | /s/ *Justin D. Niznik*<br>**JUSTIN D. NIZNIK**<br>Florida Bar No. 774901<br>**BOWMAN AND BROOKE LLP**<br>1064 Greenwood Boulevard - Suite 212<br>Lake Mary, Florida 32746-5419<br>(407) 585-7600<br>(407) 585-7610 – Fax<br>*Attorneys for Defendants*<br>**GROW, LLC and**<br>**SEAN MICHAEL HARDER** |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 3, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, system, which generates a notice of the filing to all attorneys of record.

/s/ *Justin D. Niznik*
**JUSTIN D. NIZNIK**
Florida Bar No. 774901