## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-81731-CV-MIDDLEBROOKS

DEVIN FILIPPELLI as
Personal Representative of the
ESTATE OF KRYSTAL TALAVERA,
on behalf of the Estate and her Survivors,

      Plaintiff,

v.

GROW, LLC (d/b/a KD INCORPORATED
and THE KRATOM DISTRO); and SEAN
MICHAEL HARDER, individually,

      Defendants.

_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Plaintiff's "Combined Expedited Motion and Memorandum for Relief from Order and, in the Alternative, Motion for Entry of Default," filed on March 22, 2023. (DE 40). Defendants oppose the Motion. For the following reasons, the Motion is denied and the Clerk of Court is directed to enter default against Defendants.

On March 15, 2023, Defendants filed a Notice of Withdrawal of Answer and Affirmative Defenses and Consent to Default Judgment. (DE 36). On March 17, 2023, I entered an order accepting Defendants' withdrawal and setting a deadline for Plaintiff to move for Clerk's Entry of Default on or by March 22, 2023, and then file a Motion for Final Default Judgment fourteen days upon Clerk's Entry of Default. (DE 39). Plaintiff now moves for expedited relief from the March 17 Order under Fed. R. Civ. P. 60(b)(1) and (6).

Plaintiff contends that Defendants' notice of withdrawal is a "stratagem designed to evade liability and leave Plaintiff without recourse for relief." (DE 40 at 2). In support, Plaintiff argues that "Defendants know that Plaintiff seeks information identifying additional parties within the chain of distribution [of Kratom] and seeks such information before the applicable statute of limitations . . . . " (*Id*.). Moreover, Plaintiff argues that Defendants' notice of withdrawal was defective because it should have been a motion a under Fed. R. Civ. P. 15. As such, Plaintiff contends that he is owed a "fair opportunity to be heard." (*Id*. at 8).

Plaintiff does not cite any relevant support to merit the relief sought. As to Rule 15, it is not at all clear that a rule to *amend* is relevant in a scenario in which the parties entirely withdraw their answer. Plaintiff cites no case to indicate otherwise. As for due process, Plaintiff cites four Florida state court cases with no relevance to the facts at hand. (*Id*.). Those cases involve matters such as forfeiture, pronouncement of criminal sentences, and evidentiary hearings to determine liability. (*Id*.). Here, Plaintiff will not be deprived of anything—he has all but won this lawsuit. By withdrawing their answers and defenses, Defendants have admitted the allegations in Plaintiff's complaint. The Court appreciates that Plaintiff's aim is to obtain discovery that would lead him to uncover additional distributors of Kratom. However, Plaintiff is essentially seeking a Court order that forces Defendants to litigate this case. I do not see how the Court has that authority and Plaintiff's Motion is not otherwise persuasive.

According, it is hereby **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Combined Expedited Motion (DE 40) is **GRANTED IN PART AND DENIED IN PART**.

    a. Plaintiff's Motion is **DENIED** as to relief sought from the Court's March 17, 2023 (DE 39) Order.

    b.  Plaintiff's Motion is **GRANTED** as to entry of default.

(2) Pursuant to Plaintiff's Motion (DE 40 at 13), the Clerk of Court is **DIRECTED** to **ENTER**

    **DEFAULT** against Defendants GROW LLC and SEAN MICHAEL HARDER.

(3) Plaintiff is advised that the same instructions given in this Court's March 17, 2023 (DE 39)

    Order regarding final default judgment apply.

    **SIGNED** in Chambers at West Palm Beach, Florida, this 24th day of March, 2023.

Donald M. Middlebrooks
United States District Judge

cc: Counsel of Record

3