UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-81731-CV-MIDDLEBROOKS

DEVIN FILIPPELLI as
Personal Representative of the
ESTATE OF KRYSTAL TALAVERA,
on behalf of the Estate and her Survivors,

    Plaintiff,

v.

GROW, LLC (d/b/a KD INCORPORATED
and THE KRATOM DISTRO); and SEAN
MICHAEL HARDER, individually,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTION
## FOR ENTRY OF FINAL DEFAULT JUDGMENT

THIS CAUSE is before the Court upon Plaintiff's Motion for Default Judgment against Defendants, GROW, LLC (d/b/a KD INCORPORATED and THE KRATOM DISTRO), and SEAN MICHAEL HARDER, filed on April 7, 2023. (DE 43). For the following reasons, the Motion is granted as to liability and economic damages.

On March 15, 2023, Defendants withdrew their Answer and Affirmative Defenses and consented to default judgment citing financial inability to defend this action. (DE 36). Pursuant to Plaintiff's Motion for Entry of Default (DE 40), the Clerk entered default as to Defendants on March 24, 2023. (DE 42). Plaintiff now moves for default judgment on Count I, strict liability for failure to warn; Count II, strict liability for design defect; and Count V, negligence.

## I. JURISDICTION

There is diversity jurisdiction under 28 U.S.C § 1332. (DE 5 ¶¶ 11-12). Defendant GROW, LLC is a limited liability company with citizenship in Idaho. Defendant Mr. Harder is the only member of GROW, LLC and is domiciled in Meridian, Idaho. Plaintiff is domiciled in Boynton Beach, Florida. The amount in controversy exceeds $75,000. Although now withdrawn, Defendants filed an Answer and Affirmative Defenses (DE 16) without objecting to personal jurisdiction.

## II. BACKGROUND

Krystal Talavera purchased KD INCORPORATED and KRATOM DISTRO branded Kratom products from Defendants. Talavera's purchases included "Space Dust," "Green Maeng Da" (a/k/a "G2"), "Green Horned Maeng Da" (a/k/a "G4"), and "Green Riau" (a/k/a "G5"). All four (4) brands were packaged in Idaho by Defendants, GROW, LLC and HARDER, and shipped to Krystal's home in Boynton Beach, Florida. (¶ 36-37).[1] Defendants manufactured, marketed, distributed, and sold Kratom. (¶¶ 28, 49).

Kratom is an herbal extract derived from the leaves of *Mitragyna speciosa*, a tropical tree native to Southeast Asia. (¶ 15). Kratom has serious health risks, including abuse, dependence, addiction, overdose, and death. (¶ 19). Kratom is not FDA approved. Kratom is not approved for importation and distribution in interstate commerce without a premarket substantiation that the product containing Kratom is reasonably safe for human consumption. (¶ 22). None of the products at issue contained warnings about the safety of Kratom. (*See* DE 40-2).

On the morning of June 20, 2021, Talavera was home preparing a Father's Day breakfast for Biagio Vultaggio, her partner and father of her youngest child, D.G.V. (¶ 38). Mr. Vultaggio

---

[1] Hereinafter citations to the Amended Complaint (DE 5) will be as follows: (¶ ___ ).

awoke to find Talavera lying face down on the floor with their child nearby. Next to Talavera was an open bag of Defendants' KRATOM DISTRO "Space Dust" product. (¶ 41-42). An autopsy performed by the Palm Beach County Coroner determined the cause of death was "acute mitragynine intoxication," in other words, Kratom intoxication. (¶ 45). Plaintiff submitted the expert report of Dr. Josef Thundiyil which further supports the findings that: 1) Krystal Talavera's cause of death was acute mitragynine intoxication, in other words, kratom overdose; 2) Defendants failed to warn Krystal Talavera of the risks associated with consumption of kratom as no warnings or instructions for use were included with the products; and 3) Krystal Talavera did not cause her own death.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend within the required time. "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, *actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought.*" *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis in original). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted).

### IV. LIABILITY

The entry of default constitutes an admission by the Defendants of the well-pleaded allegations in the Complaint. *See Cancienne v. Drain Master of S. Fla., Inc.*, No. 08-61123-CIV, 2008 WL 5111264, at *1 (S.D. Fla. Dec. 3, 2008). In evaluating a motion for entry of default judgment, all well-pled allegations of the Complaint are deemed to be admitted. *Eagle Hospital*

*Physicians v. SRG Consulting*, 561 F. 3d 1298, 1307 (11th Cir. 2009); *Buchanan v. Bowman*, 820 F. 2d 359, 361(1 lth Cir. 1987). By virtue of the default, Defendants have admitted all of the allegations set forth in the Complaint. *SRG Consulting*, 561 F. 3d at 1307 (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975) and citing *Bowman*, 820 F.2d at 361). "A default judgment is unassailable on the merits" if it is supported by "well pleaded allegations." *Houston Nat'l Bank*, 515 F. 2d at 1206. In addition to the pleadings, a court may also rely on evidence such as affidavits and declarations. *See Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1263 (S.D. Fla. 2016).

### A. COUNT I – STRICT LIABILITY FAILURE TO WARN AGAINST BOTH DEFENDANTS

Plaintiff alleges that Defendants are strictly liable for failing to warn Talavera of the dangers of consuming its products containing Kratom, like "Space Dust." (¶ 52). "Florida courts have recognized that '[a] warning should contain some wording directed to the significant dangers arising from failure to use the product in the prescribed manner, such as the risk of serious injury or death.'" *Grieco v. Daiho Sangyo, Inc.*, 344 So. 3d 11, 20 (Fla. 4th DCA 2022). Moreover, "a product is considered defective 'when the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings' and their omission 'renders the product not reasonably safe.'" *Id.* (citation omitted). "Unless the danger is obvious or known, a manufacturer has a duty to warn where its product is inherently dangerous or has dangerous propensities." *Id.* (citation omitted).

Plaintiff's claim for failure to warn is merited on its face. Defendants simply failed to issue *any* warning whatsoever. (¶¶ 52-66, 110) (showing photos of unlabeled Kratom products sold by Defendants). Without proper warnings, the Kratom products were unreasonably dangerous, unfit for their intended use, and highly dangerous and defective. (¶ 58).

4

### B. COUNT II – STRICT LIABILITY DESIGN DEFECT AGAINST BOTH DEFENDANTS

Plaintiff alleges that the Kratom products (listed above) contain a design defect, making the products unreasonably dangerous. (¶ 67). In Florida, a plaintiff can rely on either the consumer expectations test or the risk utility test to establish a design defect. See *Aubin v. Union Carbide Corp.*, 177 So. 3d 489, 512 (Fla. 2015); *Font v. Union Carbide Corp.*, 199 So. 3d 323, 325 (Fla. 3d DCA 2016). The consumer expectations test "considers whether a product is unreasonably dangerous in design because it failed to perform as safely as an ordinary consumer would expect when used as intended or in a reasonably foreseeable manner." *Aubin*, 177 So. 3d at 503. And under a risk utility test, "the plaintiff must demonstrate that 'the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the alternative design renders the product not reasonably safe.'" *Id.* at 505 (citation omitted).

Applying either test to this matter results in a finding of liability against Defendants. Defendants sold Kratom products to Talavera with the expectation that they would be used for human consumption to obtain the benefits described on Defendants' website. (¶¶ 29, 36-46, 67-74; *see also* DE 1-2 (listing benefits of Kratom such as pain relief, stress relief, boost of energy, and euphoria)). The Kratom products reached Krystal without substantial change to their condition. (¶ 53). The products were used as intended. (¶¶ 57, 72-73). However, the products were unreasonably dangerous and defectively designed, causing the death of Talavera as evidenced by autopsy and toxicology identifying Kratom as the sole cause of death. (¶¶ 67-74, DE 43-3).

### C. COUNT V – NEGLIGENCE AGAINST BOTH DEFENDANTS

"To prevail on a products liability claim based on negligence, a plaintiff must establish: (1) a duty or obligation recognized by the law requiring the defendant to protect others from unreasonable risks; (2) a breach of that duty; (3) a reasonably close casual connection between the conduct and the resulting injury; and (4) actual loss or damages." *Grieco*, 344 So. 3d at 22. "The duty element of negligence focuses on whether the defendant's conduct foreseeably created a broader 'zone of risk' that poses a general threat of harm to others." *Id.* at 23 (citation omitted). To establish a causal connection, or proximate cause, a court must determine: "(1) causation in fact, *i.e.*, whether the defendant's conduct was a substantial factor in producing the result, and (2) whether the defendant's responsibility is superseded by an abnormal intervening force." *Id.*

Plaintiff has established all the requirements of negligence. Defendants had a duty of care to Talavera in selling her Kratom products. Given Kratom's known risks (¶ 95), Talavera fell within the "zone of risk." Defendants breached that duty by failing to provide warnings and instructions for use with their Kratom products. (¶¶ 7, 28, 52-66). Plaintiff has also alleged and submitted record evidence that Defendants' Kratom products were defective and unreasonably dangerous. (*See* ¶¶ 52-74, 84-93, 94-99; DE 43-3). Based on the coroner's report and expert report, there is cause in fact. There were no abnormal intervening forces. There are damages, given Talavera's death. Thus, Defendants are liable for negligence.

### V. DAMAGES

The Court may enter the relief sought by Plaintiff without an evidentiary hearing based upon affidavits and other documentary evidence since the facts are not disputed. See, Fed. R. Civ. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter

6

judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." "Although the Court is permitted to conduct a hearing on a default judgment in regards to damages pursuant to Fed. R. Civ. P. 55(b)(2)(B), an evidentiary hearing is not necessary where there is sufficient evidence on the record to support the request for damages."); *Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1263 (S.D. Fla. 2016); *see also S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record.") (citations omitted); *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1223 (S.D. Fla. 2004) (entering default judgment, permanent injunction and statutory damages in a Lanham Act case without a hearing).

### A. ECONOMIC DAMAGES

Plaintiff seeks economic and noneconomic damages under Fla. Stat. § 768.21. As to economic damages, Plaintiff seeks loss of prospective net accumulations of the estate and funeral expenses. I find that the economic damages are calculable. Plaintiff submitted a report from a forensic accounting firm that calculates the Estate's loss of prospective net accumulations consistent with Fla. Stat. §§ 768.18, 768.21(6)(a). (DE 43-7). These damages are recoverable under § 768.21(6)(a) because the decedent is survived by lineal descendants, her minor children. (¶ 117) (listing initials of minor children as: J.C.F., B.B.F, and D.G.V.). Plaintiff also submitted a receipt of the Estate's funeral costs, which are recoverable under Fla. Stat. § 768.21(6)(b).

Accordingly, the Estate is awarded the following damages:

    a. Funeral Expenses: **$20,122.10**.

    b. Economic Damages: **$4,625,729.00** (*i.e.*, present value of lost earnings reduced by personal consumption to be net accumulations of $2,033,886 and present value of loss household services of $2,591,843[2]).

    c. Total Damages of the Estate of Krystal Talavera: **$4,642,895.70**.

## B. NON-ECONOMIC DAMAGES

In addition to the Estate's economic damages, Plaintiff also seeks (1) loss of support and services and (2) mental pain and suffering for Talavera's surviving children; Devin Filippelli, J.C.F., B.B.F., D.G.V. Devin Filippelli, although an adult, can recover because Talavera did not leave a surviving spouse. § 768.21(3). However, I do not find that these damages are reasonably calculable and thus I have set an evidentiary hearing to resolve that issue. (DE 52).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Final Default Judgment (DE 43) against Defendants, GROW, LLC (d/b/a KD INCORPORATED and THE KRATOM DISTRO), and SEAN MICHAEL HARDER is **GRANTED IN PART.**

2. Final judgment is withheld pending resolution of Plaintiff's non-economic damages.

**SIGNED** in chambers in West Palm Beach, Florida this 12 day of May, 2023.

                                          DONALD M. MIDDLEBROOKS
                                          UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

---

[2] Loss of household services are recoverable. *See Plantation Gen. Hosp. Ltd. P'ship v. Div. of Admin. Hearings*, 243 So. 3d 985, 992 (Fla. 4th DCA 2018).