UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-81731-CV-MIDDLEBROOKS

DEVIN FILIPPELLI as
Personal Representative of the
ESTATE OF KRYSTAL TALAVERA,
on behalf of the Estate and her Survivors,

    Plaintiff,

v.

GROW, LLC (d/b/a KD INCORPORATED
and THE KRATOM DISTRO); and SEAN
MICHAEL HARDER, individually,

    Defendants.
_____/

## ORDER AWARDING NON-ECONOMIC DAMAGES

THIS CAUSE is before the Court upon Plaintiff's Motion for Default Judgment against Defendants, GROW, LLC (d/b/a KD INCORPORATED and THE KRATOM DISTRO), and SEAN MICHAEL HARDER, filed on April 7, 2023. (DE 43). On May 12, 2023, I granted Plaintiff's Motion as to liability and awarded economic damages totaling $4,642,895.70. [1] (DE 54).

In the May 12 Order I reserved ruling on Plaintiff's non-economic damages until after an evidentiary hearing. Plaintiff seeks a total of $20 million (5 each) in (1) loss of support and services and (2) mental pain and suffering for Talavera's surviving children; Devin Filippelli, J.C.F., B.B.F., D.G.V. Devin Filippelli, although an adult, can recover because Ms. Talavera did not leave a surviving spouse. Fla. Stat. § 768.21(3). On June 26, 2023, I held an evidentiary

---

[1] This Order assumes a familiarity with the facts and issues. Refer to the Order Granting In Part Motion for Entry of Final Default Judgment (DE 54) for a more detailed background.

hearing at which Plaintiff presented testimony supporting its claims for non-economic damages. Defendant failed to appear.

At the evidentiary hearing, the Court heard testimony from Messrs. Filippelli, Vultaggio, and Flores. Filippelli is the adult son of Talavera. He testified that at the time of Talavera's death he was graduating high school and was living with his father. The day after Talavera's death, the two were going to have dinner to celebrate his high school graduation. He is now regularly seeing a therapist that has diagnosed him with anxiety and depression. Filippelli described his mother as being the nucleus of the family. She was the person that brought everyone together, Filippelli explained.

Florez testified next for J.C.F. and B.B.F., who are twelve and six years old respectively. Florez is Talavera's ex-husband and father of J.C.F. and B.B.F. The two had shared custody over the children. Florez testified that he placed both children in therapy following the death of Talavera. Since her death, the two have started exhibiting signs of grief. J.C.F. has resisted sleeping alone at night. B.B.F. has been arguing with his sibling more often. J.C.F. did not want to attend summer camp. And while B.B.F. tried attending summer camp, he would sporadically cry while there. Florez had to pull him out early. J.C.F. feels guilty for not being there when his mother died and now shows extra concern whenever Florez is going somewhere. Florez described himself as the more serious, discipline-focused parent, and Talavera as the one to provide a "loving touch." That is now largely missing from J.C.F. and B.B.F.'s lives.

Vultaggio testified last for D.G.V., who is three years old. Vultaggio was Talavera's romantic partner at the time of her death and they shared a child, D.G.V. Vultaggio was the one that found Talavera laying motionless on the floor. D.G.V., one and a half at the time, was next

2

to her.  Vultaggio described D.G.V. as a "mommy's boy" and explained that they shared a very special bond.

There is of course no amount of money that will make up for the pain and suffering that Ms. Talavera's children are enduring because of their mother's death.  The law nonetheless recognizes that the Defendant must pay something, however inadequate.  The only real guidance a court has in determining that amount is past awards.  *See Bravo v. United States*, 532 F.3d 1154, 1162 (11th Cir. 2008) (citation omitted) ("Under Florida law an award of non-economic damages must 'bear a reasonable relation to the philosophy and general trend of prior decisions in such cases.'"); *Est. of Faull v. McAfee*, No. 613CV1746O, 2019 WL 1253840, at *5 (M.D. Fla. Mar. 19, 2019).

For the reasons stated herein and on the record at the conclusion of the evidentiary hearing, I do not believe that Plaintiff's request for a total of $20 million in non-economic damages bears a reasonable relation to the general trend of prior cases.  *See, e.g.*, *R.J. Reynolds Tobacco Co. v. Schleider*, 273 So. 3d 63, 87-89 (Fla. 3d DCA 2018) (Rothenberg, C.J., dissenting) (collecting jury awards in tobacco cases ranging from $250,000 to $10 million to estate of wife and two children); *Est. of Faull*, 2019 WL 1253840, at *5 (awarding $5 million to daughter in wrongful death suit where defendant was found liable of murdering the decedent).

While *Schleider* affirmed a $15 million jury award for the widow and daughter of the decedent, the court emphasized the "extremely fact-specific nature of the individual relationships . . . ." *Schleider*, 273 So. 3d at 75.  In *Schleider*, the court noted that "the wife watched as Schlieder withered away and suffered" from lung cancer and that "[b]y the end, he had lost all of his hair … and was being daily administered morphine for his pain." *Id*. at 73.  As for the daughter, the court noted that "[s]he moved from New York to the Florida Keys to be closer to her parents and, once

her father got sick, she helped take care of him." *Id*. at 74.  And that "she is unable to speak about his death even 20 years later because 'the way he died' causes her to cry." *Id*.

There is no doubt that this is a tragic case and that Ms. Talavera's children loved their mother.  Yet when placed alongside the long line of wrongful death actions in Florida, particularly tobacco cases where the survivors tend to have witnessed their loved ones suffer a long and painful death, an award of $20 million is not reasonable.  Instead, I will award **$7 million**; 2 million for each child under eighteen years old (J.C.F., B.B.F., and D.G.V.) and $1 million for Mr. Filippelli.  I again emphasize the no award of damages will ever be adequate and that this decision reflects nothing more than an adherence to prior cases.

Accordingly, for the reasons stated on the record at the evidentiary hearing and herein, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendants GROW, LLC (d/b/a K.D INCORPORATED and THE KRATOM DISTRO), and SEAN MICHAEL must pay Plaintiff **$7,000,000.00** in non-economic damages.  The damages are to be distributed as follows:

    a. $2 million each for J.C.F., B.B.F., and D.G.V.

    b. $1 million for Mr. Devin Filippelli

2. Final judgment will be entered separately.

    **SIGNED** in chamber in West Palm Beach, Florida this 26th day of July, 2023.

Donald M. Middlebrooks
United States District Judge

Copies to: Counsel of Record